COLLEGE OF PATERSON, A BODY CORPORATE, PROSECU-
TOR, v. STATE BOARD OF TAX APPEALS AND THE
CITY OF PATERSON, DEFENDANTS.

Submitted October 5, 1943—Decided December 14, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the prosecutor, *Edward G. Weiss.*

For the respondent City of Paterson, *George Surosky.*

The opinion of the court was delivered by

COLIE, J.    The question raised on this writ of *certiorari*
is whether the real estate and personal property of the Col-
lege of Paterson was exempt from taxation by virtue of *R. S.*
54:4–3.6 reading in part: "The following property shall be
exempt from taxation under this chapter: All buildings
actually used for colleges, schools, academies or seminaries;
*   *   *   the land whereon   *   *   *   the buildings   *   *   *
are erected,   *   *   *   which   *   *   *   does not exceed five
acres in extent; the furniture and personal property in said
buildings if used in and devoted to the purposes above men-
tioned;   *   *   *."

The real estate was assessed for the tax year of 1941 at
$9,100; the personal property at $500.    The prosecutor
appealed to the Passaic County Board of Taxation and the
assessment was reduced to $8,500 on the real estate; the
assessment on the personal property remaining the same.
Prosecutor appealed to the State Board of Tax Appeals,
asserting its right to exemption on the ground that it was
fundamentally a charitable and philanthropic institution, not
conducted for profit.    The State Board of Tax Appeals denied
prosecutor's claim and affirmed the action of the County

Board of Tax Appeals. To review this last action, a writ of *certiorari* was allowed.

College of Paterson was incorporated in 1934 under the act entitled "An act to incorporate associations not for pecuniary profits." Its object, as stated by article 2 of its by-laws is "to present to young men and women, in two years study through a flexible curriculum in the fields of arts, science and business those influences that develop the qualities embodied in the ideals of Light, Liberty and Learning." The moving spirits of the enterprise were Dr. Herbert S. Robinson and his wife, Sara D. Robinson, who were respectively its president and registrar. In 1935 the buildings involved were purchased by Saher, Inc., and by that corporation turned over to the college. There was no cash consideration for the transfer to the college, although Mrs. Robinson stated that the understanding was that the college would assume the mortgage then on the property.

The building involved consists of three stories and a basement, containing eighteen rooms. Dr. and Mrs. Robinson occupy the four rooms on the third floor. The bursar and his wife occupy a room in the basement. The remaining thirteen rooms are used exclusively for school purposes. Since its founding, the college has never operated at a profit and the total receipts for the school year 1940-1941 amount to $23,699.78 and disbursements over the same period total $20,806.89. The president receives a salary of $1,200 a year; the secretary a salary of $25 a month in addition to their living quarters mentioned above. There were no scholarships on the assessment date, nor does the evidence disclose to what extent scholarships have been provided in the past. The salaries of the president and registrar are undoubtedly low, but Mrs. Robinson testified that any increase in receipts would probably be utilized to increase the salaries of the faculty and the president.

It is settled beyond question that statutes granting exemption are to be construed most strongly against those claiming thereunder; that a college must establish that it is fundamentally a charitable institution and that the proofs to that end must be free from fair doubt. *City of Trenton* v. *State*

*Board of Tax Appeals,* 127 *N. J. L.* 105; *affirmed, sub nom. Trenton* v. *Rider College,* 128 *Id.* 320.

We find that prosecutor has failed to sustain the burden of proving its right to exemption. The writ is dismissed, with costs.